IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIMMY SHERLOCK and JOHN GREEN, § | | |
|     Plaintiffs, § | | |
| § | | |
| V. § | CIVIL ACTION NO. 4:17-cv-1325 | |
| § | | |
| VKC GROUP, INC. § | | |
|     Defendant. § | JURY DEMANDED | |

## PLAINTIFFS' ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Jimmy Sherlock and John Green.

### Parties

1. Plaintiffs Jimmy Sherlock ("Sherlock") and John Green ("Green"), former employees of Defendant, were personally engaged in interstate commerce during their employment with the Defendant, and are represented by the undersigned.

2. Defendant VKC Group, Inc. ("VKC") is a Texas corporation that employed the Plaintiffs. With respect to Plaintiffs, VKC is subject to the provisions of the FLSA. VKC was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000. Defendant VKC Group, Inc. may be served with process through its registered agent Brij M. Agrawal at 322 Julie Rivers Drive, Sugar Land, Texas 77478 or wherever the agent may be found.

### Jurisdiction and Venue

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiffs transacted business within this judicial district,

and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendant's business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiffs transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

4. Plaintiff Jimmy Sherlock was employed by the Defendant as a maintenance technician from March of 2014 until July of 2014 and on again from February of 2015 until March 15, 2017. Sherlock's duties included, but were not limited to driving around to various store locations carrying cleaning supplies, picking up cleaning supplies at Home Depot and doing preventive maintenance of ice machines, drains at various food stores, i.e. Subway (stand-alone stores), Great American Cookies and Pretzelmaker (food stores inside of malls) in Greater Houston and surrounding areas, including Galveston, Conroe and Sugar Land. In addition to his regular job duties, Plaintiff did seasonal cleaning of rooftop condensers for these stores, starting in April to around late July. Plaintiff regularly worked more than 40 hours a week throughout his employment with Defendant. Sherlock was paid on an hourly rate basis, but was not paid

premium pay for hours worked over 40.  In other words, throughout Sherlock's employment with Defendant, Defendant failed to pay him the overtime premium required by the FLSA.  He was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

5.      Plaintiff John Green was employed by the Defendant as a maintenance technician from October 1, 2015 until March 15, 2017. Green's duties included, but were not limited to, the preventive maintenance of ice machines and drains at various food stores, i.e. Subway (stand-alone stores), Great American Cookies and Pretzelmaker (food stores inside of malls) in Greater Houston and surrounding areas, including Galveston, Conroe and Sugar Land. In addition to his regular job duties, Plaintiff did seasonal cleaning of rooftop condensers for these stores, starting in April to around late July. Plaintiff regularly worked more than 40 hours a week throughout his employment with Defendant. Green was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40.  In other words, throughout Green's employment with Defendant, Defendant failed to pay him the overtime premium required by the FLSA.  He was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

6.      At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiffs' regular and overtime work.  Plaintiffs were not "exempt" employees.

7.      Defendant is liable to Plaintiffs under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs.  Due to the knowing and willful conduct of Defendant in violating the FLSA, Plaintiffs are entitled to recover unpaid overtime and liquidated damages for a period of three years prior to their appearance in this matter.

**Plaintiff's Individual Allegations**

8. As non-exempt employees, Plaintiffs were entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over 40 hours in each workweek. Defendant failed to pay the Plaintiffs the required overtime premium in most workweeks that the Plaintiffs were employed by Defendant during the Relevant Time Period, as the Plaintiffs worked in excess of 40 hours in most weeks. Plaintiffs were paid on hourly rate basis, but was not paid premium pay for hours worked over 40.

9. No exemption excuses the Defendant from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendant has not made a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs. Such practice was and is a clear violation of the FLSA.

**CAUSE OF ACTION**

**Violation of the FLSA – Failure to Pay Overtime Wages Owed**

10. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Plaintiffs for work performed in the employ of the Defendant.

11. Plaintiffs have suffered damages as a direct result of Defendant's illegal actions.

12. Defendant is liable to Plaintiffs for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

**Demand for Jury**

13. Plaintiffs demand a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiffs demand:

1. Judgment against Defendant for an amount equal to Plaintiffs' unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Judgment against Defendant that its violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
7. Leave to amend to add claims under applicable state laws; and
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR
PLAINTIFFS JIMMY SHERLOCK
AND JOHN GREEN**

**OF COUNSEL:**
Vijay A. Pattisapu
TBA No. 24083633
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFFS
JIMMY SHERLOCK AND JOHN GREEN**